CRAVENS, DARGAN & CO. et al. v. RAYMONDVILLE INDEPENDENT SCHOOL DIST. et al.

No. 8935.

Court of Civil Appeals of Texas. San Antonio.

Dec. 7, 1932.

Jesse G. Foster, of Raymondville, for appellants.

A. B. Crane, of Raymondville, for appellees.

SMITH, J.

Hays Scisson was the local agent at Raymondville for the Camden Fire Insurance Company, of which Cravens, Dargan & Company, at Houston, were general agents, to whom Scisson reported and accounted. It was the latter's duty to collect full premiums on policies sold by him, and, deducting his commissions, remit the balance, or net premiums, to the general agents.

Now, it so transpired that Scisson was also at the same time secretary to the board of trustees, and tax assessor and collector of the Raymondville Independent School District.

In November, 1929, Scisson asked the district board of trustees to "let him have" a part of the district fire insurance, to which the trustees assented. In pursuance of this permission Scisson, through said general agents, procured two policies of insurance issued by the Camden Company in favor of the district upon the latter's school buildings. The gross premiums upon these policies aggregated $732, which the district paid on November 23, 1929, in the form of a check payable to Scisson, who held it until June 25, 1930, when he cashed it and embezzled the proceeds of it.

The net premium due the insurance company, after deducting Scisson's commission thereon, was $460.62, and in June, 1930, the general agents wrote Scisson demanding that he remit his "November balance $460.62," stating that:

"Mr. Rorick Cravens agreed to carry the above for you until April 1st. If further complications have arisen, Mr. Scisson, we will have to ask that you arrange the matter at that end of the line so we can have our money as we cannot carry the account longer.

"Awaiting your remittance, we are. * * * "

Scisson exhibited this letter to the board of trustees, and to its president, who had signed the previous check, which, like all board checks, was in turn countersigned by Scisson as secretary of the board. In exhibiting the letter to the board Scisson stated it was claimed in the letter that "more insurance was due," that the board "owed more money for the insurance." Whereupon, on April 22, 1930, the board's check, for the amount of said balance, $460.62, signed by T. A. Fuller as president and Scisson as secretary, payable to Cravens, Dargan & Company, and bearing a notation that it was in payment of the premiums on the two policies in question, was delivered to Scisson, who forwarded it to the payees in settlement of said "November account." Scisson thereupon, on June 25, 1930, cashed the original check for $732, issued to him by the board on November 23, 1929, and embezzled the proceeds thereof. By this manipulation Scisson swindled his principal, the school board, out of the amount of the net premium upon the insurance policies in question.

Subsequently the district brought this action and recovered judgment against Scisson, the insurance company, and the latter's general agents in the amount of the net premium paid the insurance company through the second check issued.

■ We conclude the court erred in rendering judgment against the insurance company and its general agents, Cravens, Dargan & Company. Scisson was the agent of both the insurer and the insured. The former had no knowledge or means of knowledge of his acts in making the double collection, while the latter, either with knowledge or because of gross carelessness, paid over the item in question to its secretary in aid of the latter's fraud. In other words, the school board paid the amount over to its secretary for the obvious purpose of settling the secretary's individual indebtedness to Cravens, Dargan & Company. Even if the knowledge of its secretary was not imputed to the board, the trustees had full opportunity to inspect the letter exhibited to them as a basis for the expenditure now sought to be recovered. And in any event, if he deceived and defrauded his principal, the school board, then certainly by the same process and in the same transaction and to the same extent he defrauded his other principal, Cravens, Dargan & Company, and the insurance company. The only difference is the latter had no knowledge of or means of ascertaining the facts constituting the fraud, whereas, the school board knew, or by the exercise of even a slight degree of diligence would have known of and could have prevented the fraud. In such case, if either principal is to suffer it should be the one whose carelessness causes the loss.

■■ Appellee should be denied recovery upon another ground. Where a person effecting an agreement between two parties is the agent of both, either party may repudiate the contract, or affirm it by ratification. 2 Joyce on Ins. (2d Ed.) § 659 et seq. Here, Scisson was not only the local agent of the insurance company but was also the secretary of the school board, and it was upon his representations and advice as such secretary, rather than as an agent of the insurance company, that the board paid the item it now seeks to recover. The insurance company had no knowledge of his collection or embezzlement.

of the first item paid by the board, and therefore could not have ratified his rascality.

The judgment will be reversed, but it is possible the facts may be better developed upon another trial, to which end the cause is remanded.